Edward W. Swanson, SBN 159859
ed@smllp.law
Audrey Barron, SBN 286688
audrey@smllp.law
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorney for Defendant CHARLES CHESTER CHATMAN III

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00453 CRB |
| Plaintiff, | |
| vs. | DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTIONS IN LIMINE |
| CHARLES CHESTER CHATMAN III, | |
| Defendant. | Court: Hon. Charles Breyer<br>Date: May 23, 2023, 2:30 p.m. |

## INTRODUCTION

The government filed nine motions in limine to admit or exclude certain evidence before trial. Mr. Chatman responds to each motion below.

## ARGUMENT

### Government Motion in Limine No. 1: The Defendant's Post-*Miranda* Statements

Mr. Chatman acknowledges that his post-*Miranda* statements are generally admissible under FRE 801. However, the statement the government cites in its brief should be limited to prevent unfair prejudice to Mr. Chatman. Mr. Chatman does not object to admission of the statement up to and including when Mr. Chatman says, "There was no little blue nothing inside

of my vehicle."  After that point, the statement is not relevant and includes information regarding Mr. Chatman's priors, which as discussed below, should be excluded.  Officer Olson states: "You're on probation for weapons charges times two and federal parole. Right?"  This statement and the following exchange through the end of the government's excerpt disclose unfairly prejudicial information regarding Mr. Chatman's priors, and it is not relevant for the purpose the government offers the statement: to show Mr. Chatman was missing an earring and that he denied the backpack came from inside his vehicle.  *See* Dkt. No. 35 at 4.  The Court should therefore exclude Mr. Chatman's statement after he says "There was no little blue nothing inside of my vehicle" on the grounds that any limited probative value of the rest of the exchange is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

Additionally, to the extent the government intends to introduce statements other than the one transcribed in its motion, the government should be required to specifically identify in advance of trial which of Mr. Chatman's statements it intends to introduce in order to provide a meaningful opportunity for Mr. Chatman to object under Rule 403 or to seek the admission of other statements under Rule 106 or Rule 806.

## Government Motion in Limine No. 2: The Defendant's Three Prior Convictions from 2013 and 2015 under FRE 404(b)

The government seeks to introduce as 404(b) evidence a 2013 conviction for carrying a concealed weapon in a vehicle, a 2015 state conviction for being a felon in possession of a firearm, and a 2015 federal conviction for being a felon in possession of a firearm.  It seeks admission of these convictions to prove "intentional and knowing possession of firearms" in this case.  But the government fails to "articulate precisely the evidential hypothesis" about what could logically be inferred from Mr. Chatman's priors that is relevant to prove that he intentionally and knowingly possessed the guns in this case.  *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).  Furthermore, Mr. Chatman's prior crimes are not sufficiently similar to the alleged conduct in the instant offense to establish intentional and knowing

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

possession.  Admitting the priors would also be unfairly prejudicial to Mr. Chatman, and the Court should decline to do so.

"The use of other crimes evidence is not looked on favorably and its use must be narrowly circumscribed and limited."  *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir.), *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986).  "In making admissibility decisions, the court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged."  *United States v. Verduzco,* 373 F.3d 1022, 1027 (9th Cir. 2004) (citing *United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994)).  However, "[e]ven if the evidence satisfies those four prerequisites, it may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice."  *United States v. Robertson*, 15 F.3d 862, 870 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 669 (1995).  It is mandatory that the Court engage in the balancing required by Rule 403 if it intends to admit evidence under Rule 404(b).  *United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994)

"[T]he government [] bears the burden of proving a logical connection between [the defendant's] purported involvement in the previous [act] and a material fact at issue in the crime with which he was charged."  *Id.*  "When the government's theory is one of knowledge . . . this court has emphasized that the government must prove a logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act."  *Id.* at 1181–82 (citing *United States v. Hernandez–Miranda*, 601 F.2d 1104 (9th Cir. 1979)).

The government has not met its burden to articulate what *logical connection* there is between Mr. Chatman's knowledge in prior cases and his knowledge here, besides, of course, propensity, which is not allowable.  The government offers only the barest justification for seeking admission of the priors:

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

> The Defendant's three prior firearms convictions establish the material point of intentional and knowing possession of firearms. The central issue in this case is whether the Defendant possessed firearms. The Ninth Circuit has held that evidence of prior instances where a defendant possessed firearms in a vehicle are directly probative where knowledge and intent of a firearm associated with a vehicle are in dispute. *United States v. Rendon-Duarte*, 490 F.3d 1142, 1145 (9th Cir. 2007). From the outset of the Defendant's arrest, he disputed knowledge and intent to possess the firearms. He specifically alleged in his statements to law enforcement officers that he did not know about any firearms recovered from the crash scene and that any firearms did not belong to him. There is a material connection between the Defendant knowingly possessing firearms previously in the same manner he possessed the firearms in this case.

Dkt. No. 35 at 7.  The government's argument, such as it is, offers no "logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *Mayans*, 17 F.3d at 1181-82.  Perhaps if the instant offense involved *the same guns* as Mr. Chatman's priors, there would be a logical connection between his knowledge of those guns in the priors and his knowledge of the guns here.  *See United States v. Chandler*, No. 2:10-CR-00482-GMN, 2011 WL 1979713, at *5 (D. Nev. May 19, 2011) (admitting prior as relevant to knowledge where the prior involved "the same handgun" as that in the charged offense) (citing *United States v. Hankins*, 94 Fed. Appx. 507 (9th Cir. 2004) (admission of prior involving different gun found in the same closet was error because "[a]ny inferences that could be drawn about [the defendant's] general knowledge of guns in [the] closet were immaterial to the ultimate question of whether [the defendant] knowingly possessed the specific handgun at issue in this case.").  But that is not the case.  The government simply argues that he knowingly possessed guns years ago, so he must have known that he possessed these other guns now.  That is not permissible.

What is more, the single case that the government cites to support its proposition that a prior conviction for felon in possession is relevant to prove knowledge of possession of guns in another case actually held the exact opposite of the government's assertion.  In *Rendon-Duarte*, the Ninth Circuit found it was *an abuse of discretion* for the district court to have admitted prior bad acts involving the possession of weapons where weapons were found in the defendant's car,

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

even though he was charged in the new case with having a weapon in his car. *United States v. Rendon-Duarte*, 490 F.3d 1142, 1145 (9th Cir. 2007). The court held that the prior bad acts were not relevant to knowledge in the new case because there was insufficient evidence that the defendant knew he possessed the guns during the prior bad acts. *Id.*

In addition to being inadmissible because they do not tend to prove knowledge in the current case, the prior acts are inadmissible because they are not sufficiently similar to the current alleged offense. The government argues that a 911 caller saw Mr. Chatman exit his vehicle with a firearm tucked into his waistband, and that eventually officers "discovered a blue backpack tucked underneath of a row of bushes near his vehicle" which contained two firearms, ammunition, drugs, a scale, and baggies. Dkt. No. 35 at 2. None of the priors the government seeks to admit involved Mr. Chatman placing weapons in a backpack,[1] or stashing the backpack or weapons in nearby bushes. One of the priors involved law enforcement observing a firearm in Mr. Chatman's waistband when they found him in a fast food drive-through, one of the priors involved finding a firearm in the toilet of a hotel room, and his federal prior involved a firearm in Mr. Chatman's waistband. The factual overlap between the prior offenses and the charged offense is limited to the defendant having possessed a gun or ammunition, and this is too generalized and not sufficiently similar for the priors to shed light on whether Mr. Chatman knowingly or intentionally possessed the guns charged in this case.

The government has cited no cases permitting the admission of felon-in-possession priors under such circumstances, and the authority the defense has found has rejected this argument. Judge Thelton Henderson, when presented with a request to admit prior felon-in-possession convictions on facts nearly identical to those before this Court, excluded the priors due to a lack of similarity between the prior bad acts and the charged offense. *See USA v. Farley*, No. 15-CR-00092-TEH, 2015 WL 6871920, at *8 (N.D. Cal. Nov. 9, 2015). In *Farley*, the defendant was charged with being a felon in possession of a firearm because he was seen during a robbery with

---

[1] The government's argument that one prior involved ammunition in a "bag" is somewhat misleading; according to the police report, bullets were found in a "blue mesh bag" small enough to fit in Mr. Chatman's pocket. *See* Dkt. No. 35, Exhibit 2.

5

a blue backpack that contained a firearm.  The government sought to introduce under Rule 404(b) evidence of the defendant's prior conviction for being a felon in possession of a firearm, arguing it was relevant to "whether the Defendant knowingly possessed the gun found in the backpack." *Id.* at *7.  But the district court excluded evidence of the prior because the prior did not involve a firearm found in a backpack, and therefore "the Government has not offered argument that the Defendant has a pattern of putting guns in backpacks during burglaries such that doing so in the instant case would make it more likely than not that the Defendant knowingly possessed the gun." *Id.* at *8.  The court contrasted the situation to *United States v. Bibo–Rodriguez*, 922 F.2d 1398 (9th Cir. 1991), in which the court approved admission of drug priors because "the defendant transported drugs across the border in a somewhat unusual way— in the door panel of a car—in both occasions." *Farley*, 2015 WL 6871920, at *8; *see also United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir. 1979) (finding district court erred in admitting prior drug smuggling offense because there was no "logical basis from which to infer knowledge of the presence of heroin in *the vehicle* from evidence that [the defendant] had smuggled marijuana in *a backpack* on a prior occasion.") (emphasis added).

The only purpose to present Mr. Chatman's prior weapons convictions is for propensity: Mr. Chatman knowingly possessed guns in the past, so he must have knowingly possessed a gun here.  As Judge Henderson aptly stated in *Farley*, "[i]f the Court were to admit the evidence, it would be driving the jury toward the exact inference that Federal Rule of Evidence 404(b) means to avoid: that Defendant probably acted in conformity with this previous bad act because he had a propensity to possess firearms while being a felon." *Farley*, 2015 WL 6871920, at *8.  This Court should reach the same result and exclude evidence of Mr. Chatman's priors under 404(b).[2]

Finally, even if the prior convictions were admissible under FRE 404(b), which they are not, they should be excluded under FRE 403.  The admission of these prior convictions involving similar charges (but different guns and different facts) would create a grave danger of unfair

---

[2] The parties have reached a stipulation regarding Mr. Chatman's status as a felon, so introduction of the priors is also not necessary for that purpose.

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

prejudice while offering nothing in the way of legitimate inferences of knowledge and intent in this case.

**Government Motion in Limine No. 3: FRE 609 Impeachment**

Evidence of a prior conviction is admissible to impeach truthfulness only if its "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Courts in the Ninth Circuit consider five factors in balancing the probative evidence of a defendant's prior conviction against its prejudicial effect: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." *United States v. Hursh*, 217 F.3d 761, 768 (9th Cir. 2000). "The government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995).

It is unclear from the government's motion which prior convictions it would seek to use for impeachment purposes, although it appears to be the three most recent convictions. *See* Dkt. No. 35 at 9-10 (referencing six prior convictions but discussing only three). Regardless of which priors it seeks to use as impeachment, the government has not identified why any of them would be of significant impeachment value. Possessing a firearm is not a crime like perjury or fraud that involves dishonesty, and any conviction for possessing firearms is thus of low value in impeaching Mr. Chatman's credibility. *See Brooks v. Haggett*, No. C 07-2615 MEJ, 2010 WL 4226693, at *10 (N.D. Cal. Oct. 21, 2010) (excluding conviction for burglary where defendant seeking admission "provided no evidence to show that the crime was committed by fraudulent or deceitful means, thus bearing on Plaintiff's veracity and making the older felony burglary convictions admissible for impeachment purposes."). Thus, the first *Hursh* factor weighs in Mr. Chatman's favor.

For the reasons discussed above in opposition to the government's second motion in limine, the felon-in-possession priors are not so similar that they shed light on a material factor

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

in the case, but they are similar enough (possession of firearms) that admission under Rule 609 would present grave risk of prejudicing Mr. Chatman.  Because of the similar charges, there is "substantial risk that all exculpatory evidence will be overwhelmed by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again."  *United States v. Bagley*, 772 F.2d 482, 486 (9th Cir. 1985); *see also United States v. Beahm*, 664 F.2d 414, 418-19 (4th Cir. 1981) ("[t]he jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged.  The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.").

Finally, the Court is not in a position to fully evaluate the fourth and fifth *Hursh* factors until it knows if Mr. Chatman will testify.  If the Court is not prepared to deny the government's motion based on the lack of impeachment value and the significant risk of unfair prejudice, the Court should defer ruling on the matter until it knows Mr. Chatman will testify.  *United States v. Hitesman*, No. 14-CR-00010-LHK-1, 2016 WL 3523854, at *7 (N.D. Cal. June 28, 2016) (deferring ruling on motion to impeach under FRE 609 because "[t]he Court cannot therefore determine at this time whether the fourth or fifth factors weigh in favor of admissibility or exclusion.") (*citing United States v. Farley*, 2015 WL 6871920, *13 (N.D. Cal. Nov. 9, 2015) ("If [the defendant] does choose to testify, the Court cannot weigh *Hursh* factors four and five until that testimony is offered.").

**Government Motion in Limine No. 4: Evidence Found in the Backpack as Inextricably Intertwined**

Mr. Chatman agrees, without stipulating to what the backpack contained, that whatever the government can prove was found in the backpack is not excludable under Rule 404(b).

//

//

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

**Government Motion in Limine No. 5: Probation Status as Inextricably Intertwined**

The government should only be permitted to introduce evidence of Mr. Chatman's probation status if the defense calls into question why the officers detained Mr. Chatman or searched for a gun, which the defense does not intend to do.  The fact of Mr. Chatman's probationary status obviously carries the risk of unfair prejudice, causing the jury to know not just that he has a prior conviction (a fact to which the parties have stipulated), but also that that prior conviction is recent enough time to cause him to have been on probation.  That information could cause the jury to believe that Mr. Chatman is more likely to have committed this crime, because he committed another crime recently.  Balanced against that unfair prejudice is the government's desire to explain the officers' actions in detaining Mr. Chatman and searching for the gun.  No explanation of that fact is necessary if the defense does not argue that the detention and search were somehow inappropriate.  Mr. Chatman's prior conviction thus would not be "of consequence in determining the action" (Fed. R. Evid. 401) and thus would not be relevant.  For that reason, evidence of Mr. Chatman's probationary status should be excluded under Rule 403.

If the Court does permit evidence regarding probation status, Mr. Chatman requests that the Court limit witnesses from unnecessarily discussing Mr. Chatman's probation status or the underlying crimes that led to his probation status so as to limit undue prejudice to him. *See United States v. Sohappy*, No. CR-09-2037-EFS, 2009 WL 10694156, at *4 (E.D. Wash. Aug. 19, 2009), *rev'd on other grounds*, 392 F. App'x 557 (9th Cir. 2010) (allowing admission of the fact that defendant violated conditions of his "community custody," resulting in his arrest, but prohibiting government from "delving into the details of either the violation itself or Defendant's underlying state conviction.").

**Government Motion in Limine No. 6: Evidence of Flight**

As discussed in Mr. Chatman's motions in limine (Dkt. No. 36), the Court should limit information regarding Mr. Chatman running from police officers so as to limit prejudice to him. The defense does not object to the admission of evidence that Mr. Chatman ran, but as noted in the defense motions in limine, it does object to evidence that would only serve to unfairly

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

prejudice Mr. Chatman, such as that he ran through the parking lot of a Montessori school or that he was arrested in an apartment complex for seniors. The defense also objects to the jury receiving instruction on drawing inferences regarding Mr. Chatman fleeing and will address that when the parties submit jury instructions.

**Government Motion in Limine No. 7: References to Punishment Consequences, Sympathy, Nullification**

Defense counsel does not intend to reference punishment, the defendant's liberty, jury nullification, or to elicit the sympathy of the jury. But the government's request is overbroad in asking the court to forbid defense counsel from referencing the seriousness of the case. The Court should not prohibit the defense from reminding jurors of the serious nature of their duties. *See United States v. Wolfenbarger*, No. 16-CR-00519-LHK-1, 2020 WL 532999, at *5 (N.D. Cal. Feb. 3, 2020) ("However, the Court will allow statements such as 'this case has serious consequences for the defendant.'") (citing *United States v. Williams*, No. 3:13-CR-00764-WHO-1, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017) (permitting the defendant to state "this case has serious consequences for the defendant").

The Court's preclusion of references to outcomes should equally apply to the government. For example, the government should not be permitted to refer to what may happen if the jury acquits Mr. Chatman. *See Evalt v. United States*, 359 F.2d 534, 544 (9th Cir. 1966) (error for the trial court to allow government to tell jury that if they acquitted, the defendant would "walk out a free man.").

**Government Motion in Limine No. 8: Evidence that Was Not Produced**

Mr. Chatman has no additional discovery or witness statements to disclose at this time, and he also requests an order precluding the parties from relying on evidence that was not produced prior to the deadline to submit witness and exhibit lists, so long as the order applies equally to the defense and the government. *See United States v. Hitesman*, No. 14-CR-00010-LHK-1, 2016 WL 3523854, at *8 (N.D. Cal. June 28, 2016) (excluding evidence by both defense

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine

1   and government that was not previously disclosed); *USA v. Farley*, No. 15-CR-00092-TEH,

2   2015 WL 6871920, at *10 (N.D. Cal. Nov. 9, 2015) (same).

3   **Government Motion in Limine No. 9: Exclusion of Witnesses**

4          Mr. Chatman agrees that witnesses other than the case agent and Mr. Chatman should be

5   excluded from the courtroom pursuant to Federal Rule of Evidence 615.

6   DATED: May 19, 2023                    Respectfully submitted,

7                                          _____/s/_____

8                                          Ed Swanson

9                                          Audrey Barron
                                           SWANSON & McNAMARA LLP

10                                         Attorneys for CHARLES CHESTER CHATMAN III

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*U.S. v. Chatman*, 22-cr-453 CRB
Defendant's Opposition to Government Motions in Limine